```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION

LARRY L. HOPKINS,                  )
                                   )
              Petitioner,          )
                                   )
       vs.                         )   No.  4:03CV1845-DJS
                                   )
CHUCK DWYER,                       )
                                   )
              Respondent.          )
```

### ORDER

Petitioner Larry L. Hopkins seeks habeas corpus relief pursuant to 28 U.S.C. §2254. Now before the Court is the magistrate judge's report and recommendation ("R&R"), recommending denial of the instant petition, and petitioner's objections thereto.[1] Pursuant to 28 U.S.C. §636(b), the Court gives *de novo* consideration to those issues to which petitioner makes specific objection.

The magistrate judge concludes that petitioner's federal habeas petition is untimely under the one-year limitations period of 28 U.S.C. §2244(d)(1). In the alternative, the magistrate judge concludes that grounds 1 through 4 are without merit and that grounds 5 through 8 are procedurally barred. Petitioner's objections to the R&R contain no argument on the statute of limitations issue, and therefore fail to challenge the

---

[1] Petitioner's "Response to Magistrate's Denial of Writ of Certiorari in Lieu of Appeal to District Court Judge" [Doc. #16] is construed as objections to the report and recommendation.

magistrate judge's analysis of the timeliness issue. On this basis alone, the Court can and does accept and adopt the magistrate judge's recommendation that the instant petition be denied.

Petitioner's objections primarily address procedural default. In the alternative to the timeliness determination, the magistrate judge found that grounds 5, 6, 7 and 8 are procedurally defaulted because they were not raised on appeal of the denial of post-conviction relief. R&R [Doc. #12], p.13. To the extent petitioner's objections to the R&R suggest that the magistrate judge addressed procedural default *sua sponte*, the objection is in error. Respondent argued this procedural default in response to the petition. Response to Order to Show Cause [Doc. #9], p.5. Considering the issue *de novo*, this Court also determines that grounds 5 through 8 are procedurally defaulted and can be rejected on that basis. Petitioner's objections on the issue of procedural default are considered and rejected.

In addition to the determination that the petition was untimely, the magistrate judge in the alternative rejected grounds 1 through 4 on the merits. Pages 9 and 10 of petitioner's objections offer arguments in support of the merits of grounds 1 and 3. In view of petitioner's failure to challenge the magistrate judge's rationale as to grounds 2 and 4, the Court will adopt those portions of the magistrate judge's R&R. In addressing grounds 1 and 3 in his objections, petitioner fails to articulate any alleged

2

errors in the magistrate judge's analysis, and instead merely reargues the grounds for relief.  Considering the issues *de novo*, this Court concludes that petitioner demonstrates no right to habeas relief on ground 1 or 3.

With respect to ground 1, due process is not shown to be violated by witness Amos Perryman's testimony that petitioner had said his brother [the murder victim] had stolen marijuana from him. The fundamental fairness of the trial was not affected thereby, nor is the jury's verdict rendered suspect based on the admission of that testimony.  With respect to ground 3, ineffective assistance of counsel is not persuasively demonstrated, as the decision not to call petitioner and his mother as alibi witnesses was reasonable trial strategy, and as to petitioner himself, represented the mutual agreement of petitioner and his trial counsel.  Furthermore, with respect to both of these claims, the denial of relief by the state courts did not result in an unreasonably erroneous adjudication permitting habeas corpus relief under the standard of 28 U.S.C. §2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the magistrate judge's report and recommendation [Doc. #16] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #12] is accepted and adopted.

Dated this ___28th___ day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE